## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                    :       Bankruptcy No. 20-12771 PMM
                                          :
TIMOTHY L. BILLIG and                     :
TERESA M. BILLIG                          :
                        Debtors    :       Chapter 12


## ORDER

AND NOW, this _____ day of _____, 2021, upon

consideration of the attached Stipulation for Relief from Automatic Stay, it is

hereby

ORDERED and DECREED that the Stipulation is Approved; and, it is

further

ORDERED and DECREED that Fulton Bank is granted relief from the

automatic stay for the purpose of taking steps to reform the Subordination

Agreement that was recorded on November 28, 2017 in the Lehigh County Recorder

of Deeds Office as Instrument No. 2017035444, including but not limited to

commencing and proceeding to conclusion state court action to accomplish same;

and, it is further

ORDERED and DECREED that the fourteen (14) day stay of proceedings of

Bankruptcy Rule 4001(a)(3) shall not be applicable, and Fulton Bank may

immediately effectuate the provisions of this Order.


BY THE COURT:


_____
Patricia M. Mayer
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                    :        Bankruptcy No. 20-12771 PMM
                                          :
TIMOTHY L. BILLIG and                     :
TERESA M. BILLIG                          :
                          Debtors    :        Chapter 12

STIPULATION FOR RELIEF FROM AUTOMATIC STAY

The parties to this Stipulation for Relief from Automatic Stay (the "Stipulation"), debtors, Timothy L. Billig and Teresa M. Billig ("Debtors"), and Fulton Bank, N.A. ("Fulton Bank"), by and through their duly authorized and undersigned counsel, do hereby state:

WHEREAS, on July 31, 2003, Debtors gave a mortgage to George D. Billig and Nancy L. Billig which encumbered the property with a common address of 7861 Springhouse Road, Lynn Township, Lehigh County, Pennsylvania (the "Property"); said mortgage was recorded on October 3, 2003 in the Lehigh County Recorder of Deeds Office as Instrument No. 7125334; and

WHEREAS on November 27, 2017, Debtors gave a mortgage to Fulton Bank which encumbered the Property; said mortgage was recorded on November 28, 2017 in the Lehigh County Recorder of Deeds Office as Instrument No. 2017035444; and

WHEREAS on November 27, 2017, Fulton Bank and Nancy Billig entered into a Subordination Agreement which was recorded on November 28, 2017 in the Lehigh County of Recorder of Deeds Office as Instrument No. 2017035446; and

WHEREAS the Subordination Agreement contained a typographical error;

NOW THEREFORE, IT IS HEREBY STIPULATED by and between Fulton Bank and Debtors as follows:

1.    The above recitals are incorporated herein and made a part hereof.

2.    Fulton Bank shall be granted relief from the automatic stay so that it can take steps to reform the Subordination Agreement, including but not limited to commencing and proceeding to conclusion state court action to accomplish same.

3.    This Stipulation may be executed in counterparts, each of which shall be considered an original, but only all such executed counterparts, taken together, shall constitute the entire Stipulation.

4.    The undersigned agree that the fourteen (14) day stay of proceedings of Bankruptcy Rule 4001 (a)(3) shall not be applicable, and Fulton Bank may immediately effectuate the provisions of the Order approving this Stipulation and granting the relief set forth therein.

I have read this Stipulation and agree to the terms therein:


David Fein, Esquire                    Kevin K. Kercher, Esquire
Attorney for Fulton Bank              Attorney for Debtors


AGREED AND ACCEPTED:


Scott F. Waterman, Esquire
Chapter 12 Trustee

NOW THEREFORE, IT IS HEREBY STIPULATED by and between Fulton Bank and Debtors as follows:

1.    The above recitals are incorporated herein and made a part hereof.

2.    Fulton Bank shall be granted relief from the automatic stay so that it can take steps to reform the Subordination Agreement, including but not limited to commencing and proceeding to conclusion state court action to accomplish same.

3.    This Stipulation may be executed in counterparts, each of which shall be considered an original, but only all such executed counterparts, taken together, shall constitute the entire Stipulation.

4.    The undersigned agree that the fourteen (14) day stay of proceedings of Bankruptcy Rule 4001 (a)(3) shall not be applicable, and Fulton Bank may immediately effectuate the provisions of the Order approving this Stipulation and granting the relief set forth therein.

I have read this Stipulation and agree to the terms therein:

_____

David Fein, Esquire
Attorney for Fulton Bank

_____ 4/6/21

Kevin K. Kercher, Esquire
Attorney for Debtors


AGREED AND ACCEPTED:


_____

Scott F. Waterman, Esquire
Chapter 12 Trustee

NOW THEREFORE, IT IS HEREBY STIPULATED by and between Fulton Bank and Debtors as follows:

1. The above recitals are incorporated herein and made a part hereof.

2. Fulton Bank shall be granted relief from the automatic stay so that it can take steps to reform the Subordination Agreement, including but not limited to commencing and proceeding to conclusion state court action to accomplish same.

3. This Stipulation may be executed in counterparts, each of which shall be considered an original, but only all such executed counterparts, taken together, shall constitute the entire Stipulation.

4. The undersigned agree that the fourteen (14) day stay of proceedings of Bankruptcy Rule 4001 (a)(3) shall not be applicable, and Fulton Bank may immediately effectuate the provisions of the Order approving this Stipulation and granting the relief set forth therein.

I have read this Stipulation and agree to the terms therein:


_____ · 4/6/21          _____
David Fein, Esquire                        Kevin K. Kercher, Esquire
Attorney for Fulton Bank                   Attorney for Debtors



AGREED AND ACCEPTED:


_____
Scott F. Waterman, Esquire
Chapter 12 Trustee