UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 20-12771 |
| | : | |
| TIMOTHY L. BILLIG and | : | |
| TERESA M. BILLIG, | : | |
| Debtors | : | Chapter 12 |

## STIPULATION AND CONSENT ORDER

AND NOW, this 16th day of May, 2022 Timothy L. and Teresa M. Billig and Fulton Bank, by and through their respective counsel, hereby stipulate and agree as follows:

1. <u>Bank</u>. Fulton Bank, N.A is a national banking corporation with an address of One Penn Square, P.O. Box 4887, Lancaster, Pennsylvania 17604-4887 ("Bank").

2. <u>Debtors.</u> Timothy Lee Billig a/k/a Timothy L. Billig is an adult individual with an address of 7861 Springhouse Road, New Tripoli, Pennsylvania 18066, and Teresa M. Billig is an adult individual with an address of 683 Wilsontown Road, Laurens, South Carolina 29360-6600 (individually and collectively, the "Debtors").

3. <u>Bankruptcy Petition</u>. On June 25, 2020 the Debtors filed a voluntary petition for relief under Chapter 12 of the United States Bankruptcy Code, Title 11 U.S.C.

4. <u>Reorganization Plan</u>. On November 9, 2020 the Debtors filed a Fourth Amended Chapter 12 Plan ("Plan"), which was confirmed by Bankruptcy Court Order dated December 10, 2020.

5. <u>Motion for Order</u>. The Debtors subsequently defaulted on their Plan, and on March 9, 2022 the Bank filed a Motion for Order Confirming that the Stay under 11 U.S.C. §

362(a) is Terminated as to the Debtors' Real Estate located at 7861 Springhouse Road, New Tripoli, Pennsylvania ("Motion") to which the Debtors filed an Answer on March 22, 2022 ("Answer").

6. <u>Stipulation.</u> In an effort to avoid the uncertainty and expense of litigating the issues raised in the Motion and the Answer, the parties have agreed to enter into this Stipulation and Consent Order ("Stipulation"). (Any capitalized term used herein without definition will have the meaning ascribed to it in the Plan unless the context clearly requires otherwise.)

7. <u>Delinquent Post-Petition Payments</u>. On or before the date of this Stipulation, the Debtors shall pay to the Bank the amount of $14,707.60 for application to the unpaid monthly post-petition payments due under their Plan for December 2021 through March 2022.

8. <u>Amended Payment Terms</u>. Commencing as of April 1, 2022 and continuing on or before the same day of every consecutive month thereafter through December 1, 2022, the Debtors shall pay to the Bank monthly interest-only payments on the Bank Debt based on a principal amount of $630,234.86 and an interest rate of 4.84% per annum, subject to earlier repayment of the Bank Debt and the other provisions set forth in Section 9 below. The Debtors will pay the entire outstanding balance of the Bank Debt, including all unpaid pre-petition and post-petition accrued interest, late charges, legal fees, and collection costs, no later than December 20, 2022.

9. <u>Refinancing / Sale of Real Estate</u>. In the event the Debtors do not pay the Bank Debt in full by September 1, 2022, the Debtors will either list the Real Estate for sale with a reputable real estate agent experienced in marketing and selling similar properties in the same geographic area or take such other steps as are reasonably calculated to result in sufficient funds

to satisfy the Bank Debt by December 20, 2022. The Debtors will keep the Bank fully informed regarding what steps they are taking to satisfy the Bank Debt and their progress in that regard.

10. <u>Amendment of Plan</u>. The Debtors' Plan is hereby modified and amended consistent with the terms of this Stipulation. All terms and conditions of the Plan not expressly modified by this Stipulation are hereby ratified and affirmed.

11. <u>Additional Covenants.</u>

   a. The Debtors will keep and maintain the Real Estate in good condition and will allow the Bank, or its authorized representative(s), access to the Real Estate for the purpose of inspecting and appraising said property.

   b. The Bank will retain its lien on the Real Estate until the Bank Debt is paid in full, and the Debtors waive and release any rights they may have to contest, challenge, or seek avoidance of the Bank's lien on the Real Estate.

   c. The Debtors ratify and affirm all representations, warranties, covenants, and agreements contained in the documents evidencing or securing the Bank Debt (collectively, the "Loan Documents"), including all rights and remedies of the Bank, and agree that all terms and provisions of the Loan Documents will continue in full force and effect, except as modified as a result of this bankruptcy proceeding or the terms of this Stipulation.

12. <u>Release and Waiver.</u> The Debtors waive, release, and forever discharge the Bank from and against any and all rights, claims, or causes of action against the Bank arising out of the Bank's action or inaction with respect to the obligations due the Bank, as well as any and all rights of set-off, defenses, claims, causes of action and any other bar to the enforcement of the collection of the obligations due the Bank or any provisions contained in the Loan Documents up to the date hereof.

13. <u>Default.</u> The occurrence of any of the following will constitute an event of default hereunder ("Event of Default"):

    a. The Debtors fail to comply with the terms of this Stipulation or otherwise default on the terms of the Loan Documents (except as specifically modified herein or as a result of this bankruptcy proceeding);

    b. The Debtors fail to abide by a Bankruptcy Court Order or fail to comply with their obligations under the Plan or under the Bankruptcy Code (11 U.S.C. § 101 <u>et seq.</u>);

    c. The Debtors file a motion seeking to dismiss or convert this bankruptcy case to a Chapter 7 case; or

    d. This Chapter 12 case is converted to a Chapter 7 case.

14. <u>Remedies.</u> Upon the occurrence of an Event of Default that is capable of being cured and following ten (10) days' written notice and opportunity to cure sent to the Debtors via first class mail and the Debtors' attorney via facsimile or electronic mail, the Bank may file a Certificate of Default with the Bankruptcy Court whereupon the Bank will be entitled to have an Order entered, substantially in the form attached hereto as Exhibit A, confirming that the stay under 11 U.S.C. § 362(a) is terminated as to the Debtors' Real Estate and that the Bank may exercise its state court remedies against said Real Estate, including without limitation scheduling the Real Estate for Sheriff's Sale. No notice and opportunity to cure period will apply to an Event of Default that is not capable of being cured or to a default under Paragraphs 13c or 13d. The Debtors will be entitled to no more than two (2) notices of default.

15. <u>Additional Remedies.</u> Except as otherwise expressly set forth herein, nothing in this Stipulation will prohibit the parties hereto from protecting and enforcing their rights and remedies under the Bankruptcy Code.

16. <u>Survival.</u> The covenants and agreements of the Debtors set forth in this Stipulation will survive any dismissal or other termination of this bankruptcy case.

17. <u>Counterparts.</u> This Stipulation may be executed in two (2) or more counterparts, each of which will be deemed an original (including facsimile and electronic image signatures), and all such counterparts will be deemed to be one and the same instrument.

18. <u>Binding Effect.</u> The terms of this Stipulation will be binding upon the Debtors pending approval by the Bankruptcy Court.

IN WITNESS WHEREOF, the undersigned have caused this Stipulation to be executed on the date set forth above.

LAW OFFICE OF KEVIN K. KERCHER,
ESQUIRE, PC

By: _____ 5/16/22
Kevin K. Kercher, Esquire
Attorney for Timothy L. Billig and Teresa M. Billig

KOZLOFF STOUDT

By: _____
Charles N. Shurr, Jr., Esquire
Attorney for Fulton Bank, N.A.

CONSENTED AND AGREED:

_____
Scott F. Waterman, Esquire
Chapter 12 Trustee

AND NOW, this _____ day of _____, 2022 this Stipulation and Consent Order is hereby approved and entered as an Order by the Bankruptcy Court.

**BY THE COURT:**

_____
J.

16. <u>Survival.</u> The covenants and agreements of the Debtors set forth in this Stipulation will survive any dismissal or other termination of this bankruptcy case.

17. <u>Counterparts.</u> This Stipulation may be executed in two (2) or more counterparts, each of which will be deemed an original (including facsimile and electronic image signatures), and all such counterparts will be deemed to be one and the same instrument.

18. <u>Binding Effect.</u> The terms of this Stipulation will be binding upon the Debtors pending approval by the Bankruptcy Court.

IN WITNESS WHEREOF, the undersigned have caused this Stipulation to be executed on the date set forth above.

                                        LAW OFFICE OF KEVIN K. KERCHER,
                                      ESQUIRE, PC

                                      By: _____
                                          Kevin K. Kercher, Esquire
                                      Attorney for Timothy L. Billig and Teresa M. Billig

                                      KOZLOFF STOUDT

                                      By: _____
                                          Charles N. Shurr, Jr., Esquire
                                      Attorney for Fulton Bank, N.A.

CONSENTED AND AGREED:

/s/Scott F. Waterman_____
Scott F. Waterman, Esquire
Chapter 12 Trustee


      AND NOW, this _____ day of _____, 2022 this Stipulation and Consent Order is hereby approved and entered as an Order by the Bankruptcy Court.

                                              **BY THE COURT:**

                                              _____
                                                                      J.

## EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 20-12771 |
| | : | |
| TIMOTHY L. BILLIG and | : | |
| TERESA M. BILLIG, | : | |
| Debtors | : | Chapter 12 |

## ORDER FOR RELIEF FROM STAY

AND NOW, this _____ day of _____, 20__, this matter having been brought before the Court upon the Certificate of Default filed by Fulton Bank, N.A. ("Bank"), for good and sufficient cause shown, it is hereby

ORDERED that the stay under 11 U.S.C. § 362(a) has been terminated as to the Debtors' real estate located at 7861 Springhouse Road, New Tripoli, Pennsylvania 18066 ("Real Estate"), and it is

FURTHER ORDERED that Fulton Bank, N.A. may exercise its state court remedies against the Real Estate, including without limitation scheduling the Real Estate for Sheriff's Sale.

BY THE COURT:

_____
J.